*N. Morton & B. Sanford,* for the defendant, were stopped by the court.

---

## SAMUEL A. CHACE *VS.* JOHN S. HOLMES & others.

A plaintiff in equity, who desires to waive the oath of the defendant to his answer, under the fifth rule in chancery of this court, must waive it in the first instance; and cannot do so after filing a bill requiring an answer under oath, to which a demurrer has been filed, and afterwards withdrawn by the defendant.

BILL IN EQUITY, filed on the 27th of February 1854, setting forth an antenuptial contract between the defendant Holmes and Minerva C. Durfee, by which her personal property was secured to her separate use, pursuant to *St.* 1845, *c.* 208; averring that, after their marriage, she made a will bequeathing the greater part of said property to her husband, and appointing him

executor thereof; that he subsequently did not treat her well, and that she therefore left him and returned to her parents, and he, at her request, delivered to her all the certificates and evidences of title of said property; and she, with intent to defeat and annul said will, conveyed all said property to the plaintiff, upon certain trusts, (which were set forth in the bill;) that said Holmes had caused said will to be proved, and had given bond and assumed the trust of executor thereof, and claimed, and was proceeding to take possession of, and to bring suits for said property; and that the plaintiff was thus prevented from executing the trusts upon which said property was conveyed to him, and from conveying it to the *cestuis que trust;* and praying that the several defendants might answer under oath, and that Holmes might be enjoined from prosecuting said suits, and that the other defendants, *cestuis que trust* as aforesaid, might be decreed to receive their portions of the property, and the plaintiff be protected in the exercise of his trust, and then discharged therefrom, and for further relief.

At April term 1854 Holmes filed a general demurrer; but in January 1855, when the case came on for a hearing upon the demurrer, he withdrew it. The plaintiff then moved to amend his bill by waiving the oath of Holmes.

*R. Choate & S. Bartlett,* for Holmes. As the bill now stands, this defendant is bound, and has the right, to answer under oath, truly and on his conscience. The right of a plaintiff to waive the oath of the defendant is a departure from the principles of equity, and exists only under the fifth rule in chancery of this court, which provides that, " when a bill shall be filed, other than for a discovery only, the complainant may waive the necessity of the answer being made on the oath of the defendant; and in such case the answer may be made without oath, and shall have no other or greater force as evidence than the bill." 24 Pick. 411. This rule, by implication, if not directly, restrains the right to the time of filing the bill. And this plaintiff shows no reason for changing the form which he then adopted. If a plaintiff can be allowed to waive the defendant's oath, after he has once required it, he may thus close the defendant's mouth, when by

loss of witnesses or of other proofs he has become comparatively helpless. And the character of the charges against this defendant, which must be supported, if at all, by evidence of the declarations of the wife in her lifetime, make it peculiarly just that the defendant should be heard.

*R. Fletcher & T. D. Eliot,* for the plaintiff. This court has the fullest power to allow amendments, in suits in equity, as well as in actions at law. Rev. Sts. *c.* 100, § 22. *Crease* v. *Babcock,* 10 Met. 529, 530. " When a bill shall be filed" does not mean " at the time of filing a bill," but " in any case," except for a discovery only. There is no hardship in not allowing the defendant's answer to be evidence in his favor. The bill is not evidence. The plaintiff will still have the burden of proof, and only asks that he may not be required to overcome the defendant's own allegation by the testimony of two witnesses. And the court will not favor this defendant, who, instead of making a discovery at once, filed a demurrer, and withdrew it when the case came on for a hearing.

By THE COURT. The plaintiff, having elected to file a bill which called for an answer under the oath of this defendant, cannot, at this stage of the case, be allowed to amend by dispensing with an answer under oath. It might essentially change the character of the defence. The plaintiff must elect, in the first instance, whether he will insist on a discovery, which the defendant is bound to make on his oath, and at his peril; but if he does, he confers on the defendant the right of making his answer, if responsive, evidence for him. The plaintiff having made his election, and shaped his bill accordingly, and called on the defendant to make his defence adapted to such a bill, it would be inequitable to permit him to change it.

*Motion overruled.*

The court then fixed the time within which the defendant should file an answer; but before an answer was filed, the case was settled by the parties, and all the allegations contained in the bill were withdrawn.